# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

| | |
|---|---|
| DAVID FEEZELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:18-05070-CV-RK |
| | ) |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION; | ) |
| | ) |
| Defendant. | ) |

## ORDER AFFIRMING THE ALJ'S DECISION

Before the Court is Plaintiff's appeal brought under 42 U.S.C. § 405(g) seeking review of Defendant Commissioner of the Social Security Administration's ("SSA's") denial of disability benefits as rendered in a decision by an Administrative Law Judge ("ALJ"). For the reasons below, the decision of the ALJ is **AFFIRMED**.

## Standard of Review

The Court's review of the ALJ's decision to deny disability benefits is limited to determining if the decision "complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole." *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008)). "Substantial evidence is less than a preponderance of the evidence, but is 'such relevant evidence as a reasonable mind would find adequate to support the [ALJ's] conclusion.'" *Grable v. Colvin*, 770 F.3d 1196, 1201 (8th Cir. 2014) (quoting *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). In determining whether existing evidence is substantial, the Court takes into account "evidence that detracts from the [ALJ's] decision as well as evidence that supports it." *Cline v. Colvin*, 771 F.3d 1098, 1102 (8th Cir. 2014) (citation omitted). "If the ALJ's decision is supported by substantial evidence, [the Court] may not reverse even if substantial evidence would support the opposite outcome or [the Court] would have decided differently." *Smith v. Colvin*, 756 F.3d 621, 625 (8th Cir. 2014) (citing *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). The Court does not "re-weigh the evidence presented to the ALJ." *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005) (citing *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003)). The Court must "defer heavily to the

findings and conclusions of the [ALJ]." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010) (citation omitted).

## Discussion

By way of overview, the ALJ determined that Plaintiff has severe impairments of a heart condition, with a history of heart attack and placement of three stents; reactive airway disease; and obesity. The ALJ also found that Plaintiff has non-severe impairments of depression and anxiety, among other things. However, the ALJ found that none of Plaintiff's impairments, whether considered alone or in combination, meet or medically equals the criteria of one of the listed impairments in 20 CFR Pt. 404, Subpt. P, App. 1 ("Listing"). Additionally, the ALJ found that despite his impairments, Plaintiff retained the residual functional capacity ("RFC") to perform light work[1] with various postural and environmental limitations. Finally, the ALJ found that although Plaintiff is unable to perform his past relevant work as a foundry worker, he can perform jobs that exist in significant numbers in the national economy, such as the jobs of bakery line worker and garment sorter. The ALJ then concluded that Plaintiff is not disabled.

On appeal, Plaintiff makes three arguments: (1) that the ALJ erred by determining that Plaintiff's anxiety and depression were non-severe; (2) that the RFC is not supported by medical evidence; and (3) that the ALJ did not properly analyze Plaintiff's statements about his symptoms.

### I. Non-Severity

Plaintiff first argues that the ALJ's non-severity determination was not supported by substantial evidence because Plaintiff was consistently diagnosed and prescribed medication for depression and anxiety, had low scores on the Global Assessment of Functioning (GAF) scale, and claimed he had at least six or seven panic attacks a month lasting up to six hours. "An impairment is not severe if it amounts only to a slight abnormality that would not significantly limit the claimant's physical or mental ability to do basic work activities." *Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007). Here, the ALJ found that Plaintiff had only minimal limits in his abilities to (1) understand, remember, or apply information; (2) interact with others; (3) concentrate, persist,

---

[1] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, [the claimant] must have the ability to do substantially all of these activities. . . ." 20 C.F.R. §§ 404.1567(b), 416.967(b).

2

or maintain pace; and (4) adapt or manage himself. (Tr. 15-16); 20 C.F.R. §§ 404.1520a(c)(3), 416.920a(c)(3).

These findings were supported by substantial evidence. The record suggests that Plaintiff's comprehension, memory, and judgment were intact (Tr. 290-306, 401-02, 437-42, 450); that he cooperated at appointments and interacted well with others (Tr. 205-06, 218-19, 290-306, 415-18, 450); that he handled essentially all of his own personal care (Tr. 38-40, 54, 58-59, 201-06, 215-19); that he was not being treated by a mental health provider (Tr. 401-02); and that his anxiety and sleeplessness was controlled with medication (Tr. 290-306, 415-18, 450). *See Lawson v. Colvin*, 807 F.3d 962, 965 (8th Cir. 2015) ("If an impairment can be controlled by treatment or medication, it cannot be considered disabling.") (quotation marks and citation omitted); *Jones v. Astrue*, 619 F.3d 963, 974 (8th Cir. 2010) ("[A]n ALJ may afford greater weight to medical evidence and testimony than to GAF scores when the evidence requires it.") (quotation marks and citation omitted); *Kirby*, 500 F.3d at 709 (emphasizing the lack of formal mental health treatment in the severity analysis and stating that "[i]t is the function of the ALJ to weigh conflicting evidence").

Plaintiff also argues that the ALJ failed to include the "mild" limitation he found at the severity step in the RFC analysis. However, the ALJ stated that he considered the effects of Plaintiff's non-severe impairments when calculating the RFC. (Tr. 15-16.) He was not required to explicitly reference the "mild" limitation in the RFC. *See, e.g.*, *Johnson v. Berryhill*, No. 4:17-CV-0416-DGK-SSA, 2018 WL 2336297, at *2 (W.D. Mo. May 23, 2018) ("A mild restriction . . . do[es] not require a corresponding RFC limitation as Plaintiff suggests.").

## II.  Substantial Evidence to Support the RFC

Plaintiff next argues that there is no medical evidence in the record supporting the RFC, citing *Nevland v. Apfel*, 204 F.3d 853 (8th Cir. 2008). *Nevland* is distinguishable from this case because there is substantial medical evidence in Plaintiff's treatment records that demonstrates his functional capabilities. An RFC must be supported by some medical evidence, but a specific medical opinion is not required; treatment records may be sufficient. *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016). A "light work" RFC can be supported by mild or unremarkable objective medical findings and other medical evidence in the record. *Steed v. Astrue*, 524 F.3d 872, 875-76 (8th Cir. 2008).

Here, the record provides, and the ALJ referenced, numerous test results that were mild and unremarkable. Plaintiff's cardiologist opined that he could return to work two weeks after his heart surgery with a temporary 20-pound weight restriction—which is consistent with doing "light work." (Tr. 21, 442-46.) 20 C.F.R. §§ 404.1567(b), 416.967(b). Plaintiff's follow-up cardiovascular exams were also normal and documented a "near full recovery." (*E.g.*, Tr. 20, 261-63, 327, 362, 409, 417, 422.) Furthermore, various physical exams showed that Plaintiff had a full range of motion, normal motor functioning, and intact sensation. (Tr. 20-21, 263, 311, 327.) Although the medical records documented some signs of fatigue and diminished breathing (Tr. 310-11, 417, 421-22, 429, 452), they also showed that Plaintiff often had clear lungs, that his treating physician considered his respiratory condition to be mild, and that he was responding to treatment with an inhaler. (Tr. 262-63, 327, 362, 409, 417, 425, 428-29, 431, 437, 440, 442-46, 450.)

Because there is sufficient evidence in the record to support the RFC, the ALJ does not have a duty to further develop the record as to Plaintiff's functional capabilities. *See Barrett v. Shalala*, 38 F.3d 1019, 1023 (8th Cir. 1994) ("The ALJ is required to order medical examinations and tests only if the medical records presented to him do not give sufficient medical evidence to determine whether the claimant is disabled."); *Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004) (no need to develop the record unless a crucial issue is undeveloped).

### III. Assessment of Plaintiff's Subjective Complaints

Finally, Plaintiff argues that the ALJ improperly discounted his statements about the intensity, persistence, and limiting effects of his symptoms. When evaluating a plaintiff's subjective complaints, an ALJ "must give full consideration to all of the evidence presented relating to subjective complaints ... [including]: (1) the claimant's daily activities; (2) the duration, frequency and intensity of pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness and side effects of medication; and (5) functional restrictions." *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). The ALJ may discredit subjective complaints of pain if they are "inconsistent with the evidence on the record as a whole" but must "make an express credibility determination detailing his reasons for discrediting the testimony." *Delrosa v. Sullivan*, 922 F.2d 480, 485 (8th Cir. 1991). In reviewing the ALJ's decision, this Court "will not substitute its opinion for the ALJ's, who is in the better position to gauge credibility and resolve conflicts in the evidence." *Travis v. Astrue*, 477 F.3d 1037, 1042 (8th Cir. 2007).

Here, the ALJ found that Plaintiff's statements were not entirely consistent with the evidence of record due to consistently normal findings during physical exams, largely conservative treatment, improvement with medication, and Plaintiff's activities of daily living. (Tr. 18-21.) These findings are supported by substantial evidence.

Plaintiff reported shortness of breath, chest pain, fatigue, memory issues, depression, anxiety, insomnia, and at least six or seven panic attacks a month lasting up to six hours. (Tr. 45-46, 52, 55, 292, 297-99, 310-11, 402, 417, 428-29, 450, 452.) As discussed above, Plaintiff's medical records suggest he made a near full recovery from his heart surgery; his respiratory condition was mild; his mental functioning was largely normal; he was not being seen by a mental health specialist; and his anxiety and insomnia were controlled with medication. Furthermore, Plaintiff often denied having shortness of breath and chest pain to his physicians (Tr. 418, 426, 429, 443-45), and his activities of daily living included handling essentially all of his own personal care, preparing meals, attending medical appointments, caring for pets, driving, shopping, and using a computer, among other things (Tr. 54, 58-59, 201-06, 215-19). *See Eichelberger v. Barnhart*, 390 F.3d 584, 589 (8th Cir. 2004) ("[A]n ALJ may disbelieve a claimant's subjective reports of pain because of inherent inconsistencies or other circumstances."); *Vance v. Berryhill*, 860 F.3d 1114, 1121 (8th Cir. 2017) ("The inconsistency between [the claimant's] subjective complaints and evidence regarding her activities of daily living also raised legitimate concerns about her credibility."). Accordingly, the ALJ's assessment of Plaintiff's subjective complaints is supported by substantial evidence.

## Conclusion

Having carefully reviewed the record before the Court and the parties' submissions on appeal, the decision of the ALJ is **AFFIRMED**.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: August 14, 2019